UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10746-RWZ

CHRISTOPHER BIBBO

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION, *et al.*

MEMORANDUM

July 26, 2010

ZOBEL, D.J.

Plaintiff Christopher Bibbo ("Bibbo"), a state inmate at the Massachusetts Correctional Institution in Shirley, MA, brings this action for injunctive relief and costs under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. and the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701 et seq. Bibbo, a triplegic[1] who requires use of a wheelchair for mobility, contends that the Massachusetts Department of Corrections and several individual employees (the "DOC Defendants") (1) deprived him of a motorized wheelchair from the period May 2008 through March 2009; (2) denied him the opportunity to have a prison job due to his disability; and (3) denied him access to all prison programs, including basic orientation, on account of his disability, all in violation of the ADA.

When first examined by a federal prison doctor in 1999, Bibbo was prescribed

---

[1] Bibbo is without the use of both legs. His left arm is also substantially impaired, as one of two bones was surgically removed and replaced with a Titanium rod. In 1998 his body rejected the rod and it was removed leaving him only little use of his left upper extremity.

an electric wheelchair. In 2003 he was evaluated at the New England Rehabilitation Hospital and prescribed a larger electric wheelchair which he was allowed to use until May 2008, when its batteries failed. For a brief period Bibbo used an alternate electric wheelchair, but in March 2009 defendants seized it and substituted a manual one. This law suit ensued.

In October 2009, he moved for a temporary restraining order (Docket # 20) requiring defendants again to allow Bibbo use of the electric wheelchair (which his family had provided and which it agreed to supply with replacement batteries). The motion was allowed, and since that time he has had use of the electric wheelchair. He now seeks permanent injunctive relief allowing him use of the electric wheelchair. The status of his other claims (denial of programs, including an orientation and denial of a job) is not clear. He was subsequently given an orientation, and he obtained a job in December 2009, which he has since lost. Nonetheless, he apparently still seeks the opportunity to have a job, and to participate in prison programs. Both parties have filed cross-motions for summary judgment.

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any [public] entity." 42 U.S.C. § 12132. Courts have consistently held that prisons are "public entities" for purposes of the ADA. See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (ADA "unmistakably [applies to] State prisons and prisoners.").

To establish a prima facie case under the ADA, Bibbo must establish that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of the prison's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  Parker v. Universidad de Puerto Rico, 225 F.3d 1, 5 & n.5 (1st Cir. 2000). Prisons are obligated to make "reasonable accommodations" to allow the disabled person access to the services or participation in programs or activities.  See Fulton v. Goord, 591 F.3d 37, 43-44 (2d Cir. 2009).  A reasonable accommodation does not require the public entity to employ any and all means to make services available to persons with disabilities.  Rather, a "reasonable accommodation" is one that gives "meaningful access" to the program or services sought.  See Alexander v. Choate, 469 U.S. 287, 301 (1985).

First, there is a genuine issue of material fact as to whether a motorized wheelchair is medically necessary to allow Bibbo to function on a daily basis and otherwise engage in major life activities, including moving about the prison during prescribed time periods.  Bibbo has submitted affidavits from two physicians and a physical therapist who, at various times, concluded that a motorized wheelchair is necessary.  See Docket # 91, Exs. A, B, and C, Declaration of Dr. Walter Panis, Dr. Thomas Hare's Evaluation, Wheelchair Clinic Evaluation, respectively.  The DOC Defendants have submitted separate affidavits of medical personnel who have concluded that a motorized wheelchair is "contraindicated."  See Docket # 59, Ex. 1, Affidavit of Dr. Maria L. Angeles, ¶ 5; and see generally Ex. 3, Affidavit of Sharon

3

Cullen. Defendants contend that Bibbo may reasonably use either a manual wheelchair pushed by another person or a wheelchair equipped with a one-armed drive device. Thus, there is a genuine issue of material fact as to which kind of wheelchair will reasonably accommodate plaintiff's disabilities.[2]

Second, there is a genuine issue of material fact as to whether and when Bibbo applied for jobs, what the prerequisites for such jobs were, if any, at the time he applied, and whether he met those prerequisites.

Finally, there is a similar issue of fact with respect to whether Bibbo qualified for, or was allowed to participate in, the various prison programs.

For these reasons, Bibbo's Motion for Summary Judgment (Docket # 89) is DENIED. The DOC Defendants' Motion for Summary Judgment (Docket # 58) is DENIED.

A pretrial conference will be held on August 11, 2010 at 2:00 p.m.


    July 26, 2010                                          /s/Rya W. Zobel
        DATE                                                        RYA W. ZOBEL

---

[2] The DOC Defendants contend that they are entitled to rely upon the medical assessment of the DOC's medical provider, University of Massachusetts Correctional Health. See Docket # 103, Defs' Mem. Of Law in Support of Their Opp. To Pl's Mot. for Summ. Judgment at 2. The cases cited by defendants simply do not support this contention. See Knox v. Sabourin, et al., Opinion and Order, 07-cv-12344-GAO at 10 (Sept. 25, 2009) (denying paraplegic's suit under the ADA where plaintiff offered no evidence that the accommodations not approved were medically necessary); Shedlock v. Dep't of Correction, et al., 442 Mass. 844, 855-856 (2004) (holding that prisoner was not denied reasonable accommodation, not deciding issue of reliance on providers). The state cannot subcontract its constitutional and statutory obligations.

UNITED STATES DISTRICT JUDGE